**Armen POGHOSYAN, Petitioner,**

**v.**

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 05–76562.**

United States Court of Appeals, Ninth Circuit.

Submitted June 18, 2008.*

Filed July 1, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.    R.App. P. 34(a)(2).

Gary Silbiger, Esq., Culver City, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Oil, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, HAWKINS, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Armen Poghosyan, a native and citizen of Armenia, petitions for review of the Board of Immigration Appeals' ("BIA") order summarily affirming an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence, *Nagoulko v. INS*, 333 F.3d 1012, 1015 (9th Cir.2003), and we dismiss in part and deny in part the petition for review.

■ Because Poghosyan failed to present any evidence that the beatings, extortion, and other mistreatment by the military police were on account of an imputed political opinion or membership in a social

** This disposition is not appropriate for publication and is not precedent except as provid-

group, substantial evidence supports the IJ's determination that the harm Poghosyan experienced was not on account of a protected ground. *See Dinu v. Ashcroft*, 372 F.3d 1041, 1044 (9th Cir.2004). Accordingly, Poghosyan's asylum and withholding of removal claims fail. *See id.* at 1044–45.

■ Substantial evidence further supports the denial of CAT relief because Poghosyan did not show it is more likely than not that he will be tortured if he returns to Armenia. *See Singh v. Gonzales*, 439 F.3d 1100, 1113 (9th Cir.2006).

■ We lack jurisdiction to review Poghosyan's assertion that an asylum officer did not review his updated asylum application because he did not exhaust this argument before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004) (court lacks jurisdiction to review procedural claims not raised during administrative proceedings).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**